BENITO COLÓN GONZÁLEZ, Petitioner and Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent and Appellee.

No. 7825. Argued May 24, 1939.—Decided June 2, 1939.

*J. Ramírez Viñas* for appellant. *B. Fernández García, Attorney General,* and *P. Defendini, Assistant Attorney General,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Benito Colón, in a petition for mandamus filed in the district court, alleged: that the Industrial Commission had ordered the payment to petitioner of one-sixth of the indemnity awarded him in a certain case amounting to $93; that the money was in the posession of the Commission's comptroller who had refused to deliver the same to petitioner for the reason that he had received orders from the Commission forbidding such delivery. The prayer was for an alternative writ to compel payment by the members of the Commission and the comptroller. The district court issued an alternative writ.

The Commission, in its return, explained that it had not obeyed the writ because petitioner had already received more than the sixth part of his claim in the case referred to in the petition through his improper appropriation of $225 belonging to the claim of a workman, Vicente Molina Otero, and because the Commission had passed a resolution to the

effect that the $93 claimed by Colón should be credited to Molina in due season, such credit to be held in abeyance pending the result of a criminal prosecution which had been instituted by the district attorney, wherein Colón was charged with the improper appropriation of the $225 which belonged to Molina.

The district court held that in the absence of any showing as to the circumstances surrounding the appropriation of the $225, it did not clearly appear that the Commission had abused its discretion in suspending payment of the $93. Another reason assigned by the district court for dismissing the petition was that there was no averment of any demand made upon the Commission after it had suspended payment.

██ The comptroller, after the Commission had ordered the suspension of payment, had no ministerial duty to perform. The petition gave no inkling of any refusal on the part of the Commission to revoke its order for suspension of payment or of any demand or request addressed to the Commission by petitioner at any time subsequent to such order.

We are inclined to think that the district court might have held also that petitioner had an adequate ordinary remedy.

The judgment appealed from must be affirmed.